# MEMORANDUM OF LAW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x

SUZANNE MACOLINO,

                Plaintiff,

  -against-

TELEDATA COMMUNICATIONS, INC.,

                Defendant.

------------------------------------------------x

Case No.
13-CV-4799

(LDW)(GRB)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANT TELEDATA COMMUNICATIONS, INC. FOR SUMMARY JUDGMENT

Arthur C. Schupbach, Esq. (AS-4540)
Schupbach, Williams & Pavone LLP
Attorneys for Defendant
Teledata Communications, Inc.
1010 Franklin Avenue, Suite 404
Garden City, New York 11530
Tel: (516) 742-0888
Fax: (516) 742-4211
Email: acs@swplaw.com

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                Page

<u>Farina v. Branford Board of Education,
et al.</u>, 458 Fed. Appx. 13 (2d Cir. 2011) ..........   5

<u>McDonald v. City of New York</u>, 786 F.Supp.
2d 588 (E.D.N.Y. 2011) ..............................   6, 8, 9

<u>Villanti v. Cold Spring Harbor Cent. School
Dist.</u>, 733 F.Supp. 2d 371 (E.D.N.Y 2010)............   6

<u>Statutes</u>

42 U.S.C. §12101 .....................................   2

42 U.S.C. §12102 .....................................   2, 7

42 U.S.C. §12112 .....................................   2

New York State Executive Law §290 ...................   4

New York State Executive Law §292 ...................   4

New York State Executive Law §296 ...................   4

<u>Regulations</u>

29 C.F.R. §1630.2(j) .................................   3

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
SUZANNE MACOLINO,

                    Plaintiff,

    -against-                                    Case No.
                                                 13-CV-4799
TELEDATA COMMUNICATIONS, INC.,                   (LDW) (GRB)

                    Defendant.
------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANT TELEDATA COMMUNICATIONS, INC. FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

This Memorandum of Law is submitted on behalf of Defendant Teledata Communications, Inc. ("TCI") in support of its motion for summary judgment.

### THE FACTS

The facts relevant to this motion are fully set forth in the Declaration of Arthur C. Schupbach dated May 28, 2015 (the "Schupbach Declaration") and the affidavit of Angela Tuck, sworn to on May 28, 2015 (the "Tuck Affidavit"), both submitted in support of the motion.

This is an action for alleged discriminatory termination of the employment of the Plaintiff, Suzanne Macolino ("Macolino") by TCI.

As shown by the Schupbach Declaration, the Tuck Affidavit and the exhibits thereto, the claims asserted herein are without merit.

As stated in the accompanying Rule 56.1 Statement of Material Facts, there is no genuine issue to be tried herein.

**POINT I**

**THE PLAINTIFF IS NOT A PERSON
SUFFERING FROM A DISABILITY**

a.   The Americans with Disabilities Act

The Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., prohibits an employer from discriminating against a qualified individual "on the basis of disability." 42 U.S.C. §12112(a).

As used in the ADA, the term "disability," with regard to an individual, means (i) a physical or mental impairment that substantially limits one or more major life activities of such individual; (ii) a record of such impairment; or (iii) being regarded as having such an impairment. 42 U.S.C. §12102(1).

"Major life activities" include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C.A. §12102(2)(A). A major life activity also includes the operation of a "major bodily function." 42 U.S.C.A. §12102(2)(B).

As demonstrated in the Schupbach Declaration, Macolino, by her own admission, does not suffer from any physical or mental impairment that substantially limits one or more of her major life activities; nor did she suffer from any such impairment during the course of her employment by TCI. Macolino did get sick, as many employees do, but none of her illnesses resulted in a hospital admission, nor did any of them require her to take any significant time off from work. Indeed, her notice that she would be taking time off for ambulatory gall bladder surgery stated that she anticipated being out of work for one week or less.

The regulations promulgated pursuant to the ADA provide, in part, as follows: "An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." 29 CFR §1630.2(j)(ii).

The regulations give the following as examples of the types of impairments which will, in virtually all cases, result in a determination of disability: deafness; blindness; intellectual disability (formerly termed mental retardation); missing limbs; autism; cancers; cerebral palsy; diabetes; epilepsy; HIV infection; multiple sclerosis; muscular dystrophy; major depressive disorder; bipolar disorder; post-traumatic stress disorder; obsessive-compulsive disorder; and schizophrenia. 29 CFR §1630.2(j)(3)(iii).

It is clear that Macolino did not have anything approaching the severity of the foregoing conditions.

    b.   <u>The New York State Human Rights Law</u>

Section 296(1) of the Executive Law, which section is part of the New York State Human Rights Law (the "NYSHRL") (Executive Law §290 et seq.), prohibits an employer from discharging from employment an individual because of such individual's disability. Executive Law §296(1)(a).

The NYSHRL defines "disability" as "(a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such impairment or (c) a condition regarded by others as such an impairment, provided, however, that in all provisions of this Article dealing with employment, the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held." Executive Law §292(21).

Macolino fares no better under the NYSHRL definition than she does under the ADA, as she did not have an impairment as described in the foregoing section while she was employed at TCI.

Like many people, Macolino had certain medical conditions to deal with, but there is absolutely no evidence (i) that any such condition ever had any impact on her ability to do her job or (ii) that any such condition was a factor in the decision by TCI to terminate her employment.

No case has been found in which a plaintiff with a medical history similar to that of Macolino was considered disabled. Indeed, plaintiffs with far more serious conditions have been held not to be disabled.

In Farina v. Branford Board of Education, et al., 458 Fed. Appx. 13 (2d Cir. 2011), the Court said:

> "Farina contends that the district court erred in holding that her back injury, and extreme fatigue and insomnia linked to her thyroid cancer, were not disabilities under the ADA. We find no error with the district court's analysis.
>
> . . .
>
> "With regard to whether her insomnia and fatigue – which were linked to her thyroid cancer and thyroid disease – constituted disabilities, the District Court properly determined that Farina raised no triable issue that she was substantially limited in her ability to sleep. Farina failed to offer medical evidence substantiating that limitation, see Baerga v. Hosp. for Special Surgery, No. 97 Civ. 230, 2003 WL 22251294, at *6 (S.D.N.Y. Sept. 30, 2003), much less any evidence concerning whether her alleged problems were 'any worse than is suffered by a

large portion of the nation's adult population,' <u>Colwell v. Suffolk Cnty. Police Dep't</u>, 158 F.3d 635, 644 (2d Cir.1998) (superseded by statute). Without such evidence, she cannot establish disability within the meaning of the ADA. 458 Fed. Appx. 13, 15-16.

In <u>McDonald v. City of New York</u>, 786 F.Supp. 2d 588 (E.D.N.Y. 2011), the Court granted summary judgment to the defendant, holding that the plaintiff employee, who suffered from a herniated disc which caused constant pain and allegedly restricted his ability to walk, stand, sit, lift and bend, was not disabled for purposes of the ADA.

The plaintiff in <u>Villanti v. Cold Spring Harbor Cent. School Dist.</u>, 733 F.Supp. 2d 371 (E.D.N.Y 2010), had suffered a heart attack and had an ongoing "vasospastic angina" heart condition. The Court granted the defendant employer's motion for summary judgment, finding that the plaintiff had not met her burden of proof of showing that she had a disability as defined under the ADA.

Macolino, who was working at her new job within approximately two weeks after her laparoscopic procedure and within one month after she was terminated by TCI, is clearly not an individual with a disability under the ADA or NYSHRL.

<u>POINT II</u>

<u>THE PLAINTIFF WAS NOT
REGARDED BY THE DEFENDANT
AS HAVING AN IMPAIRMENT</u>

Under the ADA, an individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to a prohibited action because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C.A. §12102(3)(A).  The term does not apply to impairments that are "transitory and minor."  A "transitory impairment" is an impairment with "an actual or expected duration of 6 months or less." 42 U.S.C.A. §12102(3)(B)).

Even assuming that Macolino had an "impairment," it was certainly transitory, as each of her conditions had an actual or expected duration of far less than six months.

As she never had any condition that required more than an insignificant amount of time off from work or affected her job performance, there was no reason for her to be "perceived" as a person with a disability.

It is ludicrous to suggest that TCI would have "regarded" Macolino as "disabled" because of three emergency room visits and a contemplated ambulatory gall bladder procedure.

Not surprisingly, Macolino points to nothing - other than Angela Tuck allegedly "rolling her eyes", which is hardly evidence - to suggest that anyone at TCI had any such perception.

As in <u>McDonald v. City of New York</u>, <u>supra</u>, the record contains no evidence from which the Court could infer that TCI "thought, or had grounds for thinking," that Macolino was disabled. 786 F.Supp. 2d 588, at 612.

The claim that Macolino was "regarded" as disabled has no basis and, in light of the facts of this case, is quite absurd.

### POINT III

### MACOLINO DID NOT REQUIRE AND WAS NOT ENTITLED TO A REASONABLE ACCOMMODATION

The "reasonable accommodation" claim does not warrant serious consideration. Macolino, by her own admission, made no request for any such "accommodation" and it is clear that she had absolutely no need for one.

Macolino's email to Angela Tuck (Exhibit "G" to the Schupbach Declaration) regarding her anticipated gall bladder procedure was not a request for any "accommodation." It was merely a notification that she would be taking a week (or less) off for the procedure, to be charged to sick, personal and vacation time.

## POINT IV

### THIS IS A PROPER CASE FOR SUMMARY JUDGMENT

In <u>McDonald</u>, <u>supra</u>, the Court summarized the standard of review on a motion for summary judgment as follows:

"A court may grant summary judgment only 'If the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' <u>Fed.R.Civ.P.56(a)</u>. '[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.' <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). 'An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' <u>Jeffreys v. City of New York</u>, 426 F.3d 549, 553 (2d Cir.2005) (internal quotation marks and citation omitted). 'A fact is 'material' for these purposes when it might affect the outcome of the suit under governing law.' <u>Id.</u> (internal quotation marks and citation omitted). Thus, no genuine issue of material fact exists 'unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable,...or is not significantly probative, ...summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50, 106 S.Ct. 2505 (internal citations omitted).

"The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex</u>

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Further, a reviewing court must construe the facts in the light most favorable to the nonmoving party and all reasonable inferences and ambiguities must be resolved against the moving party. *Flanigan v. Gen. Elec. Co.*, 242 F.3d 78, 83 (2d Cir.2001). Nevertheless, the nonmoving party cannot rest merely on allegations or denials but must instead set out specific facts showing a genuine issue for trial. *See* Fed.R.Civ.P. 56(c) and 56(e); *see also Harlen Assocs. v. Inc. Vill. Of Mineola*, 273 F.3d 494, 499 (2d Cir.2001). ('[M]ere speculation and conjecture is [sic] insufficient to preclude the granting of the motion.'). Nor can the nonmoving party rest only on the pleadings. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 ('Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings.'). Instead, each statement of material fact by the movant or opponent must be followed by citation to admissible evidence. *See* Fed.R.Civ.P. 56(c) and 56(e); Local Civil Rule 56.1(d)." 786 F.Supp.2d 588, at 604.

Applying these principles to this case, while there may be "some" alleged factual dispute (e.g., whether Macolino should have received her full raise immediately upon becoming a Project Coordinator), there is no genuine dispute as to any "material" fact. Macolino was clearly not disabled within the meaning of applicable law and her assertion that she was perceived as such is nothing more than speculation and conjecture. A reasonable jury could not, on the facts of this case, return a verdict for Macolino.

## CONCLUSION

For all of the foregoing reasons, it is clear that Macolino has no valid claim against TCI under the ADA or the NYSHRL. As no genuine issue of material fact exists, neither this Court nor TCI should be burdened with a trial of this action.

It is, therefore, respectfully submitted that this Court should grant summary judgment dismissing the Complaint.

Dated: Garden City, New York
       June 1, 2015

                            SCHUPBACH, WILLIAMS & PAVONE LLP

              By: _____
                            Arthur C. Schupbach, Esq. (AS-4540)
                            Attorneys for Defendant
                            Teledata Communications, Inc.
                            1010 Franklin Avenue, Suite 404
                            Garden City, New York 11530
                            Tel: (516) 742-0888
                            Fax: (516) 742-4211
                            Email: acs@swplaw.com

TO:  Frank & Associates, P.C.
      Attorneys for Plaintiff
      500 Bi-County Boulevard, Suite 465
      Farmingdale, NY 11735
      (631) 756-0400

AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

LINDA A. NAIDAMAST, being duly sworn, deposes and says:

I am not a party to the action, am over eighteen years of age, and reside in Mineola, New York. On June 1, 2015, I served the within Memorandum of Law in Support of Summary Judgment upon:

Frank & Associates, P.C.
Attorneys for Plaintiff
500 Bi-County Boulevard, Suite 112N
Farmingdale, NY 11735

the address designated by said attorneys for that purpose, by depositing a true copy of same, enclosed in a properly addressed wrapper, addressed to such attorneys into the custody of Federal Express overnight delivery service for overnight delivery, prior to the latest time designated by Federal Express for overnight delivery.

_____
Linda A. Naidamast

Sworn to before me this
1st day of June, 2015

_____
Notary Public

ARTHUR C. SCHUPBACH
Notary Public, State of New York
No. 02SC4518094
Qualified in Nassau County
Commission Expires April 30, 2018